UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CALVINO, JR.,

                Plaintiff,

              -against-

MIGUEL SOSA; HECTOR NAVARO; KERBY EMPLOY FROM INDIAN ORCHARD AND PEERS,

                Defendants.

19-CV-11607 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. He invokes the Court's federal question jurisdiction. By order dated January 3, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff asserts that the federal constitutional or statutory basis for this action is "electronic spying, electronic misleading me and other, fraud, electronic theft, electronic [conspiracy] of explo[i]tation and other." (ECF 2, at 2.)

Plaintiff makes the following allegations: "I been electronic spy by [anonymous] people with electronic this people are respons[i]ble for part of the electronic theft threats, stolen information, mislead by electronic the F.B.I. can tell and prove this people are respo[n]sible." (*Id.* at 5.) He asserts that he has suffered "mental damage, emotional distress, los[s] of pace." (*Id.* at 6.) He seeks as relief "money estimate value pending justice, my asset back." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed numerous actions in December 2019, some of which have already been dismissed as frivolous. *See, e.g., Calvino v. Jones*, ECF 1:19-CV-11601 (S.D.N.Y. Dec. 23, 2019). And Plaintiff has already been warned that further vexatious or frivolous litigation in this Court will result in an order barring him under 28 U.S.C. § 1651 from filing new civil actions in this Court IFP unless he receives prior permission. (*Id.*) The Court reiterates that warning.

## CONCLUSION

The Clerk of Court is directed to assign this matter to may docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 10, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge